# J. D. KRAUSE v. KATHERINE HOEFFKEN.[1]

May 3, 1912.

Nos. 17,471—(54).

**Pleading.**

Plaintiff moved the trial court for an order "overruling the demurrer" to the complaint "as frivolous," and for judgment thereon, basing his motion on the pleadings and all the files and proceedings in the action. The court overruled the demurrer and granted defendant leave to answer. *Held:*

1. The court correctly determined that the application was for an order overruling the demurrer, and not merely a motion to strike out the demurrer as frivolous.

2. It was not the duty of the court to consider the files in the action in which the judgment was obtained, but only the files in this action. [Reporter.]

**Fraudulent conveyance — defense.**

Action by a judgment creditor to set aside a conveyance made by the debtor with the alleged intent to hinder, delay and defraud plaintiff. If the judgment is void, that is matter of defense to be made by answer, not by demurrer. [Reporter.]

**Demurrer.**

It is elementary that a demurrer will not lie, except for defects apparent on the face of the pleading to which it is directed. [Reporter.]

**Fraudulent conveyance — execution.**

If an execution upon a judgment be returned unsatisfied in the county in

[1] Reported in 135 N. W. 979.

which the judgment was obtained, it is unnecessary that another execution should issue in another county where the judgment is docketed, before bringing an action in the second county to set aside a conveyance by the judgment debtor. [Reporter.]

Action in the district court for Carver county to set aside certain conveyances, assignments of mortgages and transfer of stock. From an order, Morrison, J., overruling Katherine Hoeffken's demurrer to the complaint, she appealed. Affirmed.

*William Furst*, for appellant.
*John J. Fahey*, for respondent.

PER CURIAM.

The complaint avers the due recovery and docketing of a judgment by the plaintiff and against the defendant J. H. Hoeffken in the district court of Carver county on December 9, 1910, for $2,442.90, on a claim accruing prior to the conveyance and assignment hereinafter mentioned, and that before the bringing of this action the judgment was docketed in Itasca county. The complaint further alleges the issuance of an execution on the said judgment on December 9, 1910, out of the district court of Carver county, where the said defendant resided, and its return unsatisfied on December 13, 1910, and that the judgment remains wholly unsatisfied; that the defendant J. H. Hoeffken, in September, 1908, conveyed certain described tracts of land in Itasca county, and assigned certain described mortgages and stock, all then owned by him, without consideration, to his codefendant, this appellant; that such conveyance and assignment were made by said J. H. Hoeffken with intent to hinder, delay, and defraud the plaintiff in the collection of his claim; and that appellant took the said conveyance and assignment with full knowledge of such intent. Judgment is demanded, in the said complaint, declaring the said conveyance and assignment void as to the plaintiff.

The appellant, Katherine Hoeffken, interposed a general demurrer to this complaint, and the respondent moved for an order "overruling the demurrer as frivolous," and for judgment thereon, basing his motion on the pleadings and all the files and proceedings in the action. The court, after hearing both parties on the said motion, overruled the demurrer and granted leave to the appellant to answer. This is an appeal by her from such order.

The appellant argues that the motion was merely to strike out the demurrer as frivolous, and that it was not vulnerable upon such a motion; but we think that the court correctly determined that the application was for an order overruling the demurrer.

The appellant claims that the files in the cause of this plaintiff against the defendant J. H. Hoeffken conclusively show that the judgment upon which the present action is founded was obtained without jurisdiction and is void, and,

further, that as the motion above referred to was based on "the pleadings and all the files and proceedings" in the action, it was the duty of the court to consider all the files in the action in which the said judgment was rendered, as well as the files in the present action, and to sustain the demurrer on this ground. This contention is without merit. The said motion was not based on the files of the action in which the said judgment was rendered. It is elementary that a demurrer will not lie, except for defects apparent upon the face of the pleading to which it is directed. If the said judgment is void, it is a matter of defense to be made by answer.

The further claim of the appellant that an execution should have issued in Itasca county prior to the bringing of this action is also without merit.

The court below was right in holding that the complaint stated a cause of action.

The order appealed from is affirmed.